1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10   HENRY ORTIZ,                    )   Case No. CV 12-3348-PJW
                                     )
11                  Plaintiff,       )
                                     )   MEMORANDUM OPINION AND ORDER
12          v.                       )
                                     )
13   CAROLYN W. COLVIN,              )
     ACTING COMMISSIONER OF THE      )
14   SOCIAL SECURITY ADMINISTRATION, )
                                     )
15                  Defendant.       )
     _____)

16

17                          I.   INTRODUCTION

18        Plaintiff appeals a decision by Defendant Social Security

19   Administration ("the Agency"), denying his application for

20   Supplemental Security Income ("SSI").  He claims that the

21   Administrative Law Judge ("ALJ") erred when he required Plaintiff to

22   leave the hearing during testimony and when he rejected the

23   consultative psychologist's opinion.  For the reasons discussed below,

24   the Agency's decision is reversed and the case is remanded for further

25   proceedings.

26

27

28

II.   SUMMARY OF PROCEEDINGS

Plaintiff was born in April 1988.[1]  (AR 35-36, 78, 104, 503.)  In March 2002, his mother applied for SSI on his behalf, alleging that he was disabled due to walking problems, dermatitis, migraine headaches, major depressive disorder, post-traumatic stress disorder, learning disorder, eating disorder, anxiety, insomnia, and psychotic disorders. (AR 33, 78-81, 94.)  His application was approved in May 2002.  (AR 33-34.)  After Plaintiff turned 18, however, his eligibility was reviewed under the rules governing disability for adults.  On December 5, 2007, the Agency found that he was not disabled under those standards.  (AR 37-40.)  He then requested and was granted a hearing before an ALJ.  (AR 56-61.)  On June 24, 2009, he appeared for the hearing without counsel.  (AR 496-537.)  On February 24, 2010, the ALJ issued a decision denying benefits.  (AR 21-29.)  Plaintiff appealed the decision to the Appeals Council, which denied review.  (AR 6-10, 15.)  This action followed.

III.   ANALYSIS

A.   Right to a Fair Hearing

Plaintiff contends that the ALJ deprived him of his right to a fair hearing when he required Plaintiff to leave the hearing room while his mother testified.  (Joint Stip. at 17-18.)  For the following reasons, the Court agrees.

Social security claimants are entitled to due process in the determination of their claims.  *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir. 2001) (citing *Richardson v. Perales*, 402 U.S. 389, 401-

---

[1]  The ALJ gives Plaintiff's date of birth as October 13, 1985; the correct date appears to be April 11, 1988.  (*Compare* Administrative Record ("AR") 27 *with* AR 35-36, 78, 104, and 503).

2

02 (1971)). This includes the right to a full and fair hearing, *see Hepp v. Astrue*, 511 F.3d 798, 804 (8th Cir. 2008), in which the claimant is given an opportunity to be heard in a meaningful manner. *See Matthews v. Eldridge*, 424 U.S. 319, 333 (1976). This is particularly true with regard to a claimant who has already been afforded benefits and is at risk of losing them because, once granted, those benefits become a property right protected under the Fifth Amendment. *Id.* at 332.

In the context of the administrative proceedings in this case, due process required that Plaintiff be allowed to remain in the hearing room for the taking of testimony. Because Plaintiff was representing himself, his exclusion from the hearing prevented him from meaningfully participating in it. And, though the ALJ did his best to fully and fairly develop the record, it was not a substitute for Plaintiff's right to be present at and participate in the hearing.

Excluding Plaintiff from the hearing was prejudicial and unfair. Plaintiff did not know what testimony had been introduced when he was in the hallway. And, when he returned, the ALJ did not tell him what his mother had said or give him an opportunity to question her. (AR 532.) Instead, he told Plaintiff that the questioning of his mother was over and that the ALJ would now question the vocational expert. (AR 532.) As Plaintiff pointed out in his supplemental brief, had he been allowed to be present when his mother testified, he would have attempted to have her explain how he was unable to stand and walk for six hours and how his paranoia interfered with his daily life. (Plaintiff's Response to Order Re: Supplemental Briefing at 2-3.) The fact that Plaintiff was not able to develop the record along these lines amounts to prejudice. The fact that Plaintiff was in the

3

hallway when his mother testified and had no one to represent him in the hearing room was unfair.

The Agency believes that it was proper for the ALJ to exclude Plaintiff from the hearing. (Joint Stip. at 18-20; Defendant's Reply to Plaintiff's Response to Order Re: Supplemental Briefing at 2-7.) It points out that the ALJ thoroughly explained to Plaintiff that he had a right to counsel before the hearing started and that Plaintiff waived that right. (Joint Stip. at 18-19.) It appears that the Agency believes that, by waiving counsel, Plaintiff, in effect, waived his right to be present at the hearing, too. The Court does not see any connection between the two rights. Nor did the ALJ, as evidenced by the fact that he never told Plaintiff when he was taking the waiver that by waiving counsel Plaintiff was also giving up his right to be present at the hearing. (AR 497-99.)

The Agency also argues that excluding Plaintiff from the hearing was not improper because Plaintiff did not have a right to unlimited cross examination of his mother. (Joint Stip. at 19-20; Defendant's Reply to Plaintiff's Response to Order Re: Supplemental Briefing at 2-3.) Again, the Court does not see any connection between the right to be present at the hearing and the ALJ's discretion to limit cross examination. Plaintiff's right to be present at the hearing did not flow from and was not dependent on his right to cross examine the witnesses. He had a constitutional right to hear what was being said in the hearing, a hearing that had been called to determine whether his benefits were going to be terminated.

In addition to the due process considerations, the Agency's own manual governing administrative hearings provides that claimants are entitled to be present "during the *entire* hearing." *See* HALLEX,

4

Social Security Hearings, Appeals and Litigation Law Manual, Transmittal I-2-6-60 (emphasis added.).  So, too, do the Agency's regulations.  *See, e.g.,* 20 C.F.R. §§ 404.916(b)(4) ("You may present witnesses and question any witnesses at the hearing."); 404.944 ("A hearing is open to the parties . . . ."); 404.950(a) ("Any party to a hearing has a right to appear before the administrative law judge . . . ."); 404.950(e) ("The administrative law judge may ask the witnesses any questions material to the issues and *shall* allow the parties or their designated representatives to do so.") (emphasis added).

Finally, the Agency attempts to justify what the ALJ did by providing a reason for him excluding Plaintiff, i.e., "to ensure truthful testimony from the witnesses."  (Plaintiff's Response to Order Re: Supplemental Briefing at 4.)  With good reason, the Agency does not cite to the record for this explanation because the ALJ never provided it.  In fact, the ALJ never provided any reason for excluding Plaintiff.  (AR 520-21.)  He simply announced that Plaintiff had to leave when his mother testified.  (AR 520-21.)  Because the Agency is not allowed to invent reasons for an ALJ's actions, this justification is also rejected.  Further, even assuming, arguendo, that the ALJ had set forth in the record that that was the reason for excluding Plaintiff, it would not be enough to overcome Plaintiff's right to be present at the hearing.

Plaintiff also complains that the ALJ erred when he precluded him from questioning the vocational expert about the hypothetical questions the ALJ had posed.  Again, the Court agrees.  Plaintiff should have been allowed to question the vocational expert about his testimony, including the bases for his assumptions.  On remand, Plaintiff, or his counsel, should be given an opportunity to do so.

B.    <u>The Consultative Psychologist's Opinion</u>

Plaintiff contends that the ALJ failed to properly take into account the opinion of consultative psychologist Scott Kopoian. (Joint Stip. at 4-7.)  According to Plaintiff, the ALJ's residual functional capacity determination conflicted with Dr. Kopoian's findings--that Plaintiff would be limited to "simple, 2 to 3 sequence tasks for 6 to 8 hours without continuous supervision" and might need more than ordinary supervision--yet the ALJ did not provide any reason for rejecting those findings.  (Joint Stip. at 5-6.)  Defendant argues that the ALJ did not err because he essentially accepted Dr. Kopoian's findings and incorporated them into the residual functional capacity finding.  Though, in the context of the state of the record as it stands now, the Court would be inclined to agree with the government, in light of the fact that the Court is remanding the case to the Agency for further proceedings, it need not resolve this claim on the merits.  The ALJ may, however, want to revisit this issue after receiving any additional evidence.

IV.   CONCLUSION

For the reasons set forth above, the Agency's decision is reversed and the case is remanded for further proceedings.

IT IS SO ORDERED.

DATED: <u>June 6, 2013</u>

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\ORTIZ, 3348\Memo Opinion and Order.wpd